IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE R. KIMBERLY and DIANE L. )
KIMBERLY, his wife, KIMBERLY )
CONTRACTING SERVICES, )
 )
 Plaintiffs, )
 v. ) Civil Action No. 08-603
 )
THE BOROUGH OF WEST NEWTON, ET AL. )
 )
 Defendants. )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                October 9, 2008

This is a civil rights case. Plaintiffs Dale Kimberly, Diane Kimberly, and Kimberly Contracting Services bring this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("section 1983"). Plaintiffs allege that they sustained injuries when defendants', acting alone and in concert, harassed and selectively enforced Borough of West Newton ordinances against them. Plaintiffs claim that defendants' actions violated their rights to procedural due process, substantive due process, and equal protection under the Fourteenth Amendment to the United States Constitution.

Defendants have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) contending that plaintiffs have failed to allege sufficient facts to support the claims for violations of procedural due process, substantive due process, and equal

protection under the Fourteenth Amendment. For the reasons that follow the motion is denied, without prejudice.

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must

be drawn in favor of plaintiff.  Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed defendants' motion to dismiss. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is not persuaded that dismissal is appropriate at this time.

Specifically, plaintiffs have alleged that defendants harassed plaintiffs' tenants regarding the storage of vehicles and auto body parts on plaintiffs' rental property, unlawfully required plaintiffs to remove commercial signs from their property, illegally charged plaintiffs for the improper installation and maintenance of a sewer line, improperly withheld payments from plaintiffs, selectively enforced ordinances and zoning regulations to the detriment of plaintiffs, publicly disparaged plaintiffs, and

advised and coerced third parties to refrain from doing business with plaintiffs. [Doc. No. 10].

These allegations, if true, state a claim under section 1983. Our ruling, however, does not prevent defendants from raising these arguments after discovery is complete in a motion for summary judgment.

Therefore, this 9th day of October, 2008, IT IS HEREBY ORDERED that defendants' motion to dismiss [doc. no. 11] is denied without prejudice to their right to raise these issues under Rule 56 on a properly developed record.

BY THE COURT:

_____, J.

cc: All Counsel of Record

4