IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE R. KIMBERLY, DIANE KIMBERLY,        )
his wife, and                            )
KIMBERLY CONTRACTING SERVICES,           )
                                         )
        Plaintiffs,                      )
    v.                                   )
                                         )
THE BOROUGH OF WEST NEWTON,              )
ARTHUR BERARDUCCI, individually          )
and in his capacity as Mayor,            )
LEROY FISHER, individually and in        )
his capacity as a Member of              )    Civil Action No. 08-603
Council, DANIEL PALFEY,                  )
individually and in his capacity         )
as a Member of Council,                  )
ARMAND LUZI, individually and in         )
his capacity as a Member of              )
Council, CHARLES BALKO,                  )
individually and in his capacity         )
as a Member of Council, TONY             )
BERARDUCCI, individually and             )
in his capacity as a Member of           )
Council, KIM BALKO, individually         )
and in her capacity as a Member          )
of Council, and PAMELA M. HUMENIK,       )
individually and in her capacity         )
as Secretary of the Borough of           )
West Newton,                             )
                                         )
        Defendants.                      )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                     January 8, 2010


        This is a civil rights case. Plaintiffs, Dale R.
Kimberly, Diane Kimberly, and Kimberly Contracting Services
(hereinafter, "plaintiffs"), brought this lawsuit pursuant to the
Civil Rights Act of 1871, 42 U.S.C. § 1983, seeking redress for
violations of their rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution. Specifically, plaintiffs allege defendants violated their substantive due process, procedural due process, and equal protection rights. Plaintiffs contend that the Borough of West Newton, Arthur Berarducci, Leroy Fisher, Daniel Palfey, Armand Luzi, Charles Balko, Tony Berarducci, Kim Balko and Pamela M. Humenik, individually and in their official capacities as West Newton Borough officials, (hereinafter, "defendants"), engaged in activities amounting to a conspiracy designed to injure them personally and their business.

Defendants deny these allegations and now seek summary judgment. (Doc. no. 33). Defendants argue that no issue of material fact exists which could support any of plaintiffs' allegations. Defendants focus on the eight specific events which plaintiffs set forth in their amended complaint, and argue that plaintiffs failed to adduce any evidence tending to prove that defendants infringed on plaintiffs' constitutional rights. Defendants alternatively argue that plaintiffs' claims arising out of the eight scenarios are time-barred. Finally, defendants also alternatively raise the defense of qualified immunity as a basis for granting their motion for summary judgment.

In response to this motion, plaintiffs contend that they have evidence which will enable them to prove defendants violated their procedural and substantive due process rights and support

2

their equal protection claims at trial. (Doc. no. 39). Plaintiffs deny their claims are time-barred, arguing the "on-going nature" of their claims defeats the two-year statute of limitations. Lastly, plaintiffs argue that defendants lack evidence to support a finding that they engaged in reasonable conduct, and thus, claim defendants cannot avail themselves of the qualified immunity defense.

We will grant defendants' motion for summary judgment for the reasons that follow.

I. BACKGROUND

Plaintiffs, Dale and Diane Kimberly, are in the business of general construction work and are owners of Kimberly Contracting Services. They perform snow removal, concrete and asphalt work, backhoe services, sewer installation and servicing, and general hauling services. (Doc. No. 10, ¶14). Plaintiffs' amended complaint alleges that from 1999 to 2007 the Borough of West Newton (hereinafter "borough") took various actions to discriminate against them. Generally, plaintiffs allege that defendants in their official and individual capacities "engaged in activities amounting to a conspiracy designed to injure" the plaintiffs personally and professionally. (Amended Complaint, Doc. No. 10, ¶15).

Specifically, plaintiffs contend that defendants unlawfully: (1) harassed their tenants with regard to storage of vehicles and auto body parts on the leased premises; (2) harassed

plaintiffs by issuing a citation to them for alleged illegal signage and requiring its removal; (3) harassed plaintiffs by charging them with alleged improper installation and maintenance of a sewer line in plaintiffs' business complex; (4) retained funds for work completed by plaintiffs on behalf of the borough; (5) selectively enforced zoning ordinances and regulations so that plaintiffs could not properly develop real estate they owned within the borough; (6) made/disseminated disparaging remarks about plaintiffs' business; (7) advertised plaintiffs name(s) in the local newspaper as delinquent on a sewage bill; and (8) advised and coerced third parties not to do business with plaintiffs. (Doc. No. 10, §15 a-h).

Following the close of discovery, defendants filed a motion for summary judgment arguing that plaintiffs failed to adduce any evidence tending to prove that defendants deprived plaintiffs of their constitutional rights with respect to these eight events. Defendants alternatively argued that even if any of the eight events were constitutionally protected, many of plaintiffs' claims would be time-barred and/or the defendants would be shielded by the doctrine of qualified immunity.

In response, plaintiffs contend that from 2004 to the present, defendants engaged in a series of actions which deprived

4

plaintiffs of their constitutional rights.[1]  Plaintiffs also assert
their claims are not time-barred because the eight events
illustrate an on-going conspiracy among defendants to deprive them
of their constitutional rights. Finally, plaintiffs argue that
defendants lack evidence to support a finding that defendants
engaged in reasonable conduct, and thus claim defendants cannot
avail themselves of the qualified immunity defense.

II.  LEGAL STANDARD

   Fed.R.Civ.P. 56(c) provides that summary judgment may be
granted if, drawing all inferences in favor of the non-moving
party, "the pleadings, depositions, answers to interrogatories and
admissions on file, together with the affidavits, if any, show that
there is no genuine issue as to any material fact and that the
moving party is entitled to a judgment as a matter of law."

   The mere existence of some factual dispute between the
parties will not defeat an otherwise properly supported motion for
summary judgment. A dispute over those facts that might affect the
outcome of the suit under the governing substantive law, i.e. the
material facts, however, will preclude the entry of summary
judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986).  Similarly, summary judgment is improper so long as the

---

[1] This time frame differs from plaintiffs' amended complaint
which asserts the actions took place from 1999 to 2007. It
therefore appears as though plaintiffs have abandoned their
claims prior to 2004.

dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

In summary, the inquiry under a Rule 56 motion is whether the evidence of record presents a genuine dispute over material facts so as to require submission of the matter to a jury for resolution of that factual dispute or whether the evidence is so one-sided that the movant must prevail as a matter of law.

It is on this standard that the court has reviewed defendants' motion and plaintiffs' response thereto.

III. DISCUSSION

Preliminarily, we note that plaintiffs' amended complaint and their brief in opposition to defendants motion for summary judgment fail to identify which of the eight events gives rise to a violation of plaintiffs' procedural due process, substantive due process and equal protection rights. Moreover, although the plaintiffs filed a brief in opposition to defendants' motion for summary judgment, they failed to respond to defendants' concise statement of undisputed material facts as required by Local Rule of Civil Procedure, 56(C), nor did they offer any additional facts to controvert defendants' stated facts. Thus, all of defendants' facts

6

are deemed admitted. LCvR 56(E).

A. <u>Qualified Immunity and Statute of Limitations</u>

The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. <u>Pearson v. Callahan</u>, ___ U.S. ___, 129 S.Ct. 808, 815 (2009).

In <u>Saucier v. Katz</u>, 533 U.S. 194 (2001), the Supreme Court provided the controlling two-step inquiry for analyzing claims of qualified immunity. First, the court determines whether the facts alleged show that defendant's conduct violated a constitutional or statutory right. <u>Id</u>. at 201. If so, the court then determines whether the constitutional or statutory right allegedly violated by defendant was "clearly established." <u>Id</u>. If the court concludes that the defendant's conduct did violate a clearly established constitutional or statutory right, then it must deny the defendant the protection afforded by qualified immunity. <u>Id</u>. The <u>Pearson</u> Court held that courts should be permitted to exercise their sound discretion in deciding which of the two prongs of qualified immunity should be addressed first "in light of the circumstances in the particular case at hand." 129 S.Ct. at 818.

In addition, in <u>Anderson v. Creighton</u>, 483 U.S. 635 (1987), the Supreme Court made clear that "whether an official protected by qualified immunity may be held personally liable for

an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." Id. at 639. (citations omitted). Thus, plaintiff must show that the constitutional right alleged to have been violated was "clearly established" at the time of the challenged action. See, e.g., Brown v. Muhlenberg Township, 269 F.3d 205, 211 (3d Cir. 2001); Abdul-Akbar v. Watson, 4 F.3d 195, 204-05 (3d Cir. 1993).

The right in question, however, cannot be simply a generalized right, like the "right to due process of law." Anderson, 483 U.S. at 639. It must be clearly established in a "particularized" sense, so that the "contours of the right" are clear enough for any reasonable official in defendant's position to know that what the official is doing violates that right. Id. at 640. This particularity requirement does not mean that the very action in question has been held unlawful; it does mean, though, that in the light of the preexisting law, the illegality of the action must be apparent. Id. The relevant, fact-specific question in qualified immunity cases is whether a reasonable official could have, in light of the preexisting law, believed that his action was lawful. Id. at 641.

We first address the issue of qualified immunity in light of the Court of Appeals for the Third Circuit's direction that the assertion of qualified immunity be handled as soon as practicable.

8

Based on the remainder of this opinion, we find that no cognizable claim exists. However, given the plaintiffs failure to provide us with information and direction with respect to their claims, should a cognizable claim exist, we find that under the facts presented here and admitted by plaintiffs, the defendants could reasonably have believed their conduct to be lawful and thus be shielded by the doctrine of qualified immunity.

B. <u>Statute of Limitations</u>

Next, although there is no federal statute of limitations for civil rights actions under section 1983, the state's statute of limitations for analogous actions applies. In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Supreme Court determined that all section 1983 actions would be classified as claims for personal injury for purposes of the statute of limitations. <u>Id</u>. at 276-280. In Pennsylvania, the statute of limitations for personal injury actions is two years. 42 Pa.Con.Stat. § 5524(2).

Under federal law, the limitations period begins to run when the party knew or should have known of his cause of action. <u>See</u> <u>Connors v. Beth Energy Mines, Inc.</u>, 920 F.2d 205, 212 (3d Cir. 1990). Thus, under the facts of the case presently before us, the statute of limitations for plaintiffs' section 1983 claims began to run when plaintiffs knew or should have known of the facts constituting the violations of those rights.

Several of the eight events from which plaintiffs' claims

allegedly arise, occurred well outside the two-year statute of limitations. For example, the plaintiffs' allegations suggesting defendants selectively enforced zoning ordinances and regulations so that plaintiffs could not properly develop real estate they owned within the borough, centers on a parcel of property that plaintiffs admit was zoned commercial. Plaintiffs admit that in 1999 the borough attempted to rezone this property residential/recreational. In 2004, the borough determined that plaintiffs' parcel had, in fact, not been rezoned and it remained commercial. Plaintiffs expressed a desire to use this parcel of land for commercial purposes, but claimed the "confusion" surrounding this parcel of property prevented them from doing so. All of these events transpired outside the statute of limitations and thus, plaintiffs' constitutional claims stemming from this event would be time barred.

Similarly, plaintiffs alleged that in 2005 defendants wrongfully withheld payment for work plaintiffs performed for the borough. Thus, any claims arising under that event are time barred by the two-year statute of limitations. Likewise, plaintiffs allege that in 1998 the borough improperly permitted an adjacent property owner to tap into a sewer line. This tap-in falls well outside the applicable time limits and any claims arising therefrom would be time barred.

C. Due Process and Equal Protection Rights

As indicated above, because of the lack of detail surrounding the claims set forth in plaintiffs' amended complaint, and due to plaintiffs' explicit admissions in their deposition testimony (attached as exhibits to defendants' concise statement of undisputed material facts), as well as plaintiffs' tacit admissions arising out of their failure to respond to or counter defendants' concise statement of undisputed material facts, we address each of the three claims (procedural due process, substantive due process, and equal protection violations) seriatim against the eight events set forth in plaintiffs' amended complaint.

In order to recover in a section 1983 action, plaintiffs must prove two essential elements: 1) defendants deprived them of a right secured by the Constitution or laws of the United States; and 2) defendants deprived them of this federal right under color of any statute, ordinance, regulation, custom, or usage of any state or territory. Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970).

Section 1983 does not create substantive rights. It only allows plaintiffs to recover damages for violations of rights protected by other federal laws or by the United States Constitution. Wilson v. Garcia, 471 U.S. 261, 278 (1985).

In Monell v. Dep't of Social Servs., 436 U.S. 658 (1978), the Supreme Court held that municipalities and other bodies of

11

local government are "persons" within the meaning of this statute. Id. at 690. Such a body may, therefore, be sued within the meaning of this statute, if it is alleged to have caused a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id.

In a procedural due process claim, it is not the deprivation of property or liberty that is unconstitutional; it is the deprivation of property or liberty without due process of law – without adequate procedures. Daniels v. Williams, 474 U.S. 327, 339 (1986). To resolve a procedural due process claim, a court must determine whether the plaintiff was deprived of a protected interest, and, if so, what process he was due. Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982).

The distinguishing feature of a substantive due process claim, in contrast to a procedural due process claim, is that certain governmental conduct may remain unjustified even if it is accompanied by the most stringent of procedural safeguards. In other words, substantive due process is concerned with rights held to be so fundamental that a state may not take them away regardless of the fairness of the procedures used to do so. See Daniels, supra. 474 U.S. 327, 331 (1986). The standard for substantive due process violations is somewhat imprecise. Yet, governmental actions violate substantive due process when they are

12

so arbitrary and unreasonable or "such a substantial departure from accepted professional judgment," <u>Winston v. Children and Youth Servs. of Delaware County</u>, 948 F.2d 1380, 1391 (3d Cir. 1991), as to "shock the conscience" or offend "a sense of justice."   <u>Rochin v. California</u>, 342 U.S. 165, 172-73 (1952).

The Equal Protection clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike," <u>City of Cleburne, Tex. v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432, 439 (1985). However, where the government treats a class of persons differently, as a general rule the government does not violate the equal protection rights of the class so long as the classification is rationally related to a legitimate state interest.   <u>Id.</u> at 440.   This is known as the rational relation test.

The Supreme Court has also recognized successful equal protection claims brought by a "class of one," where the plaintiffs allege that they have been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).

We find no evidence of a violation of plaintiffs' procedural due process, substantive due process, or equal protection rights. In support of their motion for summary judgment, defendants submitted testimony proffered by plaintiffs, and based

on plaintiffs' own admissions, their claims must be dismissed.

We begin our analysis by considering each of the eight events to ascertain first, whether a dispute exists over material facts, (i.e., whether plaintiffs, who bear the burden of proof at trial, have adduced evidence to support their claims that defendants deprived them of a right secured by the Constitution or laws of the United States), and whether evidence exists tending to show that defendants deprived plaintiffs of this federal right under color of any statute, ordinance, regulation, custom, or usage of any state or territory. Adickes, supra.

Plaintiffs claim defendants violated their substantive and/or procedural due process rights and/or equal protection rights by: (1) harassing their tenants with regard to storage of vehicles and auto body parts on the leased premises; (2) harassing plaintiffs by citing them for illegal signage; (3) harassing plaintiffs by charging them with improper installation and maintenance of a sewage line in plaintiffs' business complex; (4) retaining funds for work completed by plaintiffs on behalf of the borough; (5) selectively enforcing zoning ordinances and regulations so that plaintiffs could not properly develop real estate they owned within the borough; (6) making/disseminating disparaging remarks about plaintiffs' business; (7) advertising plaintiffs name(s) in the local newspaper as delinquent on a sewage bill; and (8) advising and coercing third parties not to do

14

business with plaintiffs.

        1. <u>Plaintiffs' Harassment Claims</u>

        The first three events mentioned in plaintiffs' amended complaint suggest defendants: (1) harassed plaintiffs tenants with regard to vehicle and auto body part storage; (2) harassed plaintiffs by citing them for illegal signage; and (3) harassed plaintiffs by charging them with improper installation and maintenance of a sewer line. Because plaintiffs fail to say whether defendants actions violated their procedural due process, substantive due process, or equal protection rights, we consider all three.

        With respect to vehicle storage, plaintiff Dale Kimberly admitted during his deposition that he was aware of a borough ordinance prohibiting the storage of abandoned vehicles, meaning vehicles without valid registrations. (Dale Kimberly Depo Tr., Doc. 35-2, Ex A, p. 79). Mr. Kimberly also admitted that his auto-body tenant and the prior property owners who continued to store vehicles on plaintiffs' property, did not have valid registrations on many of the vehicles. <u>Id</u>. p. 79-82. As the land-owner, Mr. Kimberly received a letter from the borough asking him to remove the vehicles. <u>Id</u>. Mr. Kimberly admitted that defendants did not issue a citation to him for violating this ordinance, and further admitted he was never fined for violating the ordinance. <u>Id</u>. In short, he was simply asked by defendants to comply with a local

15

ordinance and he did. Id. In addition to these admissions, defendants attached letters which they sent to numerous other borough residents and businesses concerning the removal of unregistered and/or abandoned vehicles.

With respect to signage, Mr. Kimberly admitted: (1) he did not apply for a permit for some signs he erected; (2) he was contacted via telephone by a borough official who asked him to remove the signs or obtain a permit; and (3) after refusing to remove the signs he received a citation.  Mr. Kimberly admitted that he contested the citation before a magistrate and despite the fact that appeared as though he violated the local ordinance, the magistrate found in his favor. Although Mr. Kimberly could name several other businesses who put up signs, he could not say for certain whether those businesses had previously obtained permits from the borough to do so. In addition to these admissions, defendants produced letters which they sent to other businesses asking them to remove their unlawful signs.

Finally, with respect to plaintiffs' allegations that defendants harassed them by charging them with improper installation and maintenance of a sewer line, Mr. Kimberly admitted that in 2002 or 2003, prior to purchasing the real property in question, he participated in the installation of the sewer line. He recalled at the time of the installation, the borough did not issue a permit for the tap-in, but he recalled the line being inspected

16

and approved by the borough's sewage plant employee, Lloyd Breakiron.

Both individual plaintiffs admitted that when they purchased the real property, they knew about the sewer line. Although plaintiffs contend the line was installed illegally and brought to the attention of possibly one or more council members in conversation, they admit they have never raised it at a borough council meeting nor have they sought any formal redress from the borough.

Under each of these three circumstances outlined above, plaintiffs have failed to establish a cause of action under section 1983 based on a denial of procedural due process. In two of the three scenarios (the vehicles and sewer line), neither defendants nor plaintiffs initiated any sort of administrative process which led to a violation of plaintiffs' rights. With respect to the signage, defendants cited plaintiffs, and plaintiffs fought the citation before a magistrate and won. Accordingly, no violation of plaintiffs' procedural process rights occurred.

Next, we find no substantive due process violation, considering at no time were plaintiffs stripped of any fundamental right under the facts of these three events. We see nothing arbitrary and unreasonable in defendants acting in accordance with the local ordinance and: (1) sending plaintiffs a letter concerning the unregistered vehicles on plaintiffs' property, (2) citing

17

plaintiffs for illegal signage, and (3) doing nothing about a sewer line about which plaintiffs' have never formally complained, especially when one of the plaintiffs helped install that very line prior to purchasing the property.

Finally, no evidence exists tending to show that defendants treated plaintiffs differently and thus, defendants did not violate the plaintiffs equal protection rights. Even under a "class of one" theory, defendants have produced evidence (which plaintiffs did not refute) clearly showing other borough residents and businesses received similar treatment for ordinance violations.

Because plaintiffs have failed to adduce any evidence thereby creating a disputed material fact with respect to these three claims, and no section 1983 violation occurred, plaintiffs claims with regard to the first three events must be dismissed.

2. Claims of Selective Enforcement and Retaining Funds

Next, plaintiffs allege that defendants violated their constitutional rights by retaining funds for work completed by plaintiffs on behalf of the Borough of West Newton, and by selectively enforcing zoning ordinances and regulations so that plaintiffs cannot properly develop real estate they own. Based on the evidence presented by defendants and not refuted by plaintiffs, we find that both of these claims lack merit.

Plaintiffs admitted that the borough hired Kimberly Contracting Services to repair sidewalks which Columbia Gas

18

damaged. Plaintiffs admitted that Columbia Gas erroneously issued
the check to the borough, not plaintiffs, for the repair work.
When the borough received the check, it returned it to Columbia Gas
and Columbia Gas eventually issued the check to Kimberly
Construction. Defendants contend, and plaintiffs do not dispute,
that these exchanges took two weeks. Thus, there is no evidence
that the borough improperly retained plaintiffs funds.

        However, during her deposition, Mrs. Kimberly testified
that while the check was in possession of the borough, borough
officials showed the check to a newspaper reporter who then
contacted the plaintiffs about the matter. (Diane Kimberly Depo
Tr., Doc. 35-2, Ex J, p. 126-128). Plaintiffs admitted no story
was ever published. Id. Mrs. Kimberly claims defendants violated
plaintiffs' constitutional rights simply because the reporter came
to know that Kimberly Contracting Services charged Columbia Gas
$13,000 for the sidewalk work. Id. Based on her deposition
testimony, plaintiffs seem to be asserting that defendants violated
their rights by showing the check to a reporter. Id.

        With respect to the zoning issue, Mr. and Mrs. Kimberly
both admitted that at the time they purchased the real property in
question, they and the sellers believed the parcel of property was
zoned "commercial." (Dale Kimberly Depo Tr., Doc. 35-2, Ex A, p.
38-40; Diane Kimberly Depo Tr., Doc. 35-2, Ex J, p. 74-80).
Plaintiffs admitted their deed to the property in question reflects

19

commercial zoning. Id. Plaintiffs testified that they wanted to use the property for a commercial purpose, yet they admit that they never officially sought a building permit nor took any other steps to develop the property. Id. Plaintiffs admitted to receiving a letter from defendant Humenik stating that the parcel of property in question was zoned commercial. (10/12/2004 letter from Humenik, Doc. 35-2, Ex M). The borough has taken no action to prevent plaintiffs from commercially developing this parcel of land.

For each of these situations we find no violation of plaintiffs' procedural or substantive due process rights. Again, in each of these scenarios no procedural process took place, thus no violation of a process could have taken place. In addition, we find no violation of a fundamental right creating a substantive due process violation. In each of these situations, plaintiffs failed to show us evidence of an arbitrary and unreasonable action taken by the borough constituting such a substantial departure from accepted professional judgment so as to shock the conscience or offend a sense of justice. Similarly, we cannot discern how an equal protection claim could possibly flow from this set of facts.

### 3. Claims Related to Harming Plaintiffs' Reputation

Lastly, we consider plaintiffs' allegations that defendants made and/or disseminated disparaging remarks about them, advised and coerced third parties not to do business with plaintiffs, and advertised plaintiffs names in the local newspaper

20

as delinquent on a sewage bill.    Because plaintiffs' amended
complaint and their response to the motion for summary judgment
fail to provide us with any direction, we shall assume, based on
the undisputed facts set forth by defendants and the documents
comprising defendants' appendix, that plaintiffs are alleging harm
to their reputations.

        The Supreme Court in Wisconsin v. Constantineau, 400 U.S.
433, 437 (1971), recognized that an individual has an interest
worthy of constitutional protection in reputation.    However,
"reputation alone is not an interest protected by the Due Process
Clause."   Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir.
2006). In order for government action to infringe the reputation of
an individual, "the government action must first involve a
publication that is substantially and materially false" and the
disputed or false statements must harm the individual. Ersek v.
Township of Springfield, 102 F.3d 79, 83-84 (3d Cir. 1996). In
Graham v. City of Philadelphia, 402, F.3d 139 (3d Cir. 2005), the
Court of Appeals referred to this proof as "stigma plus" meaning
that "a plaintiff must show a stigma to his reputation plus some
concomitant infringement of a protected right or interest." Id. at
142, n. 2. In Graham, the "plus" was the termination of the
plaintiffs employment, but the court noted that the "plus prong"
could be "read broadly to include any protectible property
interest." Id.

21

Turning to plaintiffs allegations in this case, it appears that plaintiffs are trying to assert that defendants damaged their reputation by disparaging them orally and in a newspaper. With respect to the newspaper allegations, a reporter from the local West Newton newspaper covered a public borough council meeting, and reported the discussion that transpired during that meeting. (West Newton Times Sun article, Doc. 35-2, Ex. Y). According to this article, council members discussed plaintiffs failure to notify the borough that their sewage system was operational, and the borough back-billed the plaintiffs, who in turn, contested the charges. Id. The article stated that one councilman cited other customers who were similarly back-billed for sewage charges, while another council member voiced his opinion that plaintiffs should not be penalized for a borough oversight. Id.

Plaintiffs do not offer any evidence suggesting the statements made about them by council members during this borough council meeting (when the council members enjoy the greatest level of protected speech) were false. In fact, plaintiffs admitted that they paid the past due sewage bill after the borough agreed to remove the interest and penalty portion. (Dale Kimberly Depo Tr., Doc. 35-2, Ex A, p. 122; Diane Kimberly Depo Tr., Doc. 35-2, Ex J, p. 137).

The only other "reputation" damage that plaintiffs

reference involves statements made by defendants Berarducci and Humenik. According to Mr. Kimberly's deposition testimony, defendant Berarducci told prospective home buyers not to buy a house because plaintiffs had performed substandard work on that home. Defendant Berarducci denied making that comment. (Dale Kimberly Depo Tr., Doc. 35-2, Ex A, p. 142-144). The prospective home buyers bought the home. Id. Mr. and Mrs. Kimberly both admitted that they have no proof that these statements, if made, damaged their reputation. (Dale Kimberly Depo Tr., Doc. 35-2, Ex A, p. 145; Diane Kimberly Depo Tr., Doc. 35-2, Ex J, p. 183).

The only allegations concerning Ms. Humenik's disparaging statements, are statements Mrs. Kimberly believes Ms. Humenik made to unknown persons in a bar. (Diane Kimberly Depo Tr., Doc. 35-2, Ex J, p. 69). Based the foregoing, the plaintiffs clearly lack any evidence to support their burden of proving these statements amounted stigmatized them, plus damaged some other protected right.

In conclusion, plaintiffs' own admissions defeat all of their section 1983 claims. Their admissions negate the possibility of the existence of any disputed material fact and thereby strip them of the ability to recover for any procedural due process violations, substantive due process violations and equal protection violations.

Based on the foregoing, defendants' motion is granted. An appropriate order follows.

23

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE R. KIMBERLY, DIANE KIMBERLY,    )
his wife, and                       )
KIMBERLY CONTRACTING SERVICES,       )
                                     )
            Plaintiffs,              )
       v.                            )
                                     )
THE BOROUGH OF WEST NEWTON,          )
ARTHUR BERARDUCCI, individually      )
and in his capacity as Mayor,        )
LEROY FISHER, individually and in    )
his capacity as a Member of          )
Council, DANIEL PALFEY,              )
individually and in his capacity     )
as a Member of Council,              )
ARMAND LUZI, individually and in     )
his capacity as a Member of          )
Council, CHARLES BALKO,              )
individually and in his capacity     )
as a Member of Council, TONY         )
BERARDUCCI, individually and         )
in his capacity as a Member of       )
Council, KIM BALKO, individually     )
and in her capacity as a Member      )
of Council, and PAMELA M. HUMENIK,   )
individually and in her capacity     )
as Secretary of the Borough of       )
West Newton,                         )
                                     )
            Defendants.              )

ORDER

AND NOW, this 8th day of January, 2010, IT IS HEREBY ORDERED

THAT defendant's motion for summary judgment (doc. no. 33) is

GRANTED.

BY THE COURT:

_____, Chief J.

cc:  All Counsel of Record